HORACE R. HODGMAN *v.* DANIEL RICHARDS & AL.

Where the plaintiff's title has not been established at law, and no irreparable injury appears, a suit in equity will not lie for relief against a trespass to lands; or for an injunction to restrain a continuance of it, unless it be in aid of a suit at law.

THIS is a bill in equity which was heard upon bill, answer and proofs, and the facts sufficiently appear in the opinion of the court.

*Wadleigh,* for plaintiff.

*A. W. Sawyer*, for defendants.

BELLOWS, J.   The case made by the bill is simply a sale of a tract of land to the plaintiff by one Elliott, reserving the *market wood and timber* on a part of the land with the right to remove it in four years, and subsequently a bill of sale by Elliott to the plaintiff of the apple trees, and trees designed for shade, and trees reserved on strips of land described, and included in the reservation in the deed.

And the bill charges that defendant Richards has cut and carried away ten trees designed for shade, and has cut and carried away wood and timber from the strips of land described in said bill of sale, and so sold to the plaintiff.

That, since Sept. 1, 1860, he has cut down and carried away 7000 small trees suitable for hoop poles, which were not market wood and timber at the time of such reservation on March 17, 1857.

That, after the four years had elapsed, although on the next day the plaintiff notified said Richards that the time had elapsed and forbade his cutting and carrying away any more wood or timber, the defendant did continue to cut and carry it away, saying that he knew the four years had elapsed, but that Elliott had given him about six weeks longer, and that he should continue to cut and carry it away.

That Richards had no right to said wood and timber by virtue of a conveyance to him from Elliott made after the delivery of said Elliott's before mentioned deed and the instrument in writing last aforesaid, to the plaintiff, and that said Richards at the time of said conveyance to him from said Elliott, well knew of said deed and said instrument in writing, and of the contents thereof.

That said Richards is insolvent and unable to respond to any judgment that may be recovered against him.

That John Preston, the other defendant, holds a mortgage of said wood and timber from said Richards, and under it claims an interest in it, and that the wood and timber so cut by said Richards, has been cut by the advice and with the co-operation of said Preston, and in part or exclusively, for his benefit.

The bill prays that an account may be taken of the amount plaintiff has been damnified by cutting and carrying away the trees designed for shade; for the cutting and carrying away the wood and timber from the strips of land described in the bill of sale, and the small trees so cut, suitable for hoop poles, and for wood and timber cut down or carried away since March 17, 1861; and the bill prays that defendants may be restrained by injunction from cutting down or carrying away any wood or timber from said premises; and also prays for general relief.

There is no allegation that the title of the plaintiff has been established; nor is there any statement of irreparable injury apprehended, for although it is stated that defendant Richards cut down and carried away some shade trees, it is not stated that there are any others left, or that plaintiff apprehends any further damage to shade trees.

Neither is it stated that this bill is in aid of any suit at law.

But it appears to be stated in the bill as an ordinary case of trespass for which an adequate remedy exists at law.

It is alleged, indeed, that the defendant Richards is insolvent; but, apart from the fact that this would not ordinarily furnish ground for assuming equity jurisdiction, the bill states that the wood and timber was cut with the advice and co-operation of the defendant Preston, and in whole or in part for his benefit.    *Coe* v. *Lake Co.*, 37 N. H. 254; *Burnham* v. *Kempton & al.*, Merrimack County, March, 1863, and *Warren* v. *Fiske*, Coos County, July, 1863.

The bill must therefore be dismissed, but without prejudice.